Lester Holtzman, J.
Petitioner moves for an order reviewing respondent’s determination of eligibility ■ dated January 14, 1965; compelling respondent to follow its rules, regulations and opinions with respect to the question of petitioner’s eligibility; and for a review of all the facts and circumstances so that the said determination be annulled and petitioner’s eligibility as a tenant be reaffirmed.
On or about October 14, 1954, respondent, as landlord, and petitioner and her husband, as tenants, entered into a written agreement designated “Resident Monthly Lease Agreement” whereby respondent leased to the tenants an apartment in a project known as Hammel Houses. One of the paragraphs thereof provided that the landlord or the tenant may each terminate said lease and tenancy at the end of any montMy term by giving to the other one calendar month’s prior notice in writing. The apartment rented by the tenants was not subject to the rent control laws. After execution of said lease agreement the tenants entered into the said apartment and still occupy the same.
Thereafter and on or about September 29, 1964, the manager of the development forwarded to respondent’s tenant review board a summary of facts dated September 22, 1964, in which they demonstrated that the tenants and their family were undesirable tenants because of the reasons set forth therein. By letter dated October 27, 1964 said tenant review board invited *207 the tenants to appear before a panel and to state their side of the case. By letter dated October 31, 1964 petitioner advised the board that she and her attorney would appear. On or about January 5, 1965, the manager of the project forwarded to said tenant review board a photostatic copy of a memorandum dated January 4, 1965 listing additional facts demonstrating the undesirability of petitioners as tenants.
Thereafter petitioner and her attorney appeared before a panel of three members of the board and stated her side of the case. Said board made a determination, dated January 14,1965, in which it stated that the petitioner was not eligible to remain as a tenant. On or about January 22, 1965, the respondent caused a notice terminating petitioner’s tenancy, effective at the end of February 28,1965, to be served upon petitioner herein.
In the court’s opinion, petitioner had a full hearing and respondent’s acts were not arbitrary or capricious and were in conformity with the rules and regulations promulgated by it. Accordingly, respondent is awarded judgment dismissing the petition.